US DISTRICT COURT - EASTERN DISTRICT OF PENNSYLVANIA

ELAINE MICKMAN,
        *Plaintiff*

        V

PA DEPT. of HUMAN SERVICES,
        *Defendant;*

REC'D DEC - 4 2025

KEYSTONE FIRST,
        *Defendant*

## MOTION TO SEAL SENSITIVE RECORDS

Plaintiff respectfully moves this Court for an order sealing Exhibit documents because they contain highly sensitive, personal, or, HIPPA medical information.

Plaintiff seeks the records be subject to a protective order issued under Federal Rule of Civil Procedure 26(c) because, if filed in the public docket, could cause a substantial probability of irreparable harm to the parties and to the privacy interests protected by 28 U.S.C. § 1732.

1. On December 4, 2025, Plaintiff filed a Civil Rights Complaint against PA DHS/Medicaid and Keystone First Health Insurance.

2. The Complaint includes documents Exhibits containing medical records with diagnoses and other personal and sensitive information.

3. 28 U.S.C. § 1732 creates a strong presumption of public access to judicial records, but the presumption is rebuttable when a "compelling interest" outweighs the public's right. *U.S v. Doe*, 68 F.3d 121, 128 (2d Cir. 1995).

(2.)

4. Federal Rule of Civil Procedure 26(c) authorizes the Court to issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

5. Plaintiff's interest in protecting medical privacy and personal financial data is unmistakably compelling. The Supreme Court has recognized such interests as "overriding" (*In re Wash. Post*, 807 F.2d 390 (4th Cir. 1991)).

6. Public disclosure would expose sensitive health information, violating the Health Insurance Portability and Accountability Act (HIPAA) and disclose personal financial details, increasing the risk of identity theft. The likelihood of such harms is "substantial" as defined in *Doe*, 68 F.3d 121, 128.

## **PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests this Court enter an order:

1. Sealing "Sensitive Records" identified as **Exhibits "B" "C" "H" & "I"** from the public docket;

2. Designating the sealed documents as "CONFIDENTIAL- FILED UNDER SEAL" and directing the Clerk to maintain them in a separate, non-public file;

3. Allowing the parties and their counsel to access the sealed records under the terms of a protective order;

Respectfully Submitted,

*Elaine Mickman*  December 4, 2025

Elaine Mickman

2025 DEC 4 AM 11:50
USDC-EDPA REC'D CLERK