IN THE UNITED STATES DISTRICT COURT OF EASTERN PENNSYLVANIA
**Civil Case No. 25- 6847**

ELAINE MICKMAN,
*Plaintiff*

V

PA DEPT. OF HUMAN SERVICES (DHS),
*Defendant* 1;
KEYSTONE FIRST,
*Defendant* 2

## MOTION TO RECUSE THE HONORABLE JUDGE HARVEY BARTLE

Plaintiff Elaine Mickman respectfully moves this Court for an order requiring
the Honorable Judge Harvey Bartle to recuse from the pending action, and in
support thereof states as follows:

## I. INTRODUCTION

The Honorable Judge Harvey Bartle presently presides over this action.
Judge Bartle previously presided over two separate civil actions in which
Elaine Mickman was Plaintiff: 1.) Elaine Mickman v. AIP, et al in 2004: sought
Emergency Injunctive Relief; and 2.) Elaine Mickman v PA Superior Court-
President Judge May 2023 Case No. 23-2047: Civil Rights case and Injunctive/
Declaratory Relief sought. Adjudication for the May 2023 action required the
judge to develop an extensive factual and legal understanding of Plaintiff's claims,
to hear Plaintiff's testimony, and to render rulings on matters similar to current suit,
ie., civil rights violations were asserted along with economic injury which was
previously, and now, before the Court. Because of prior involvement, an objective
observer could reasonably question Judge Bartle's impartiality in the present case.

## II. STATUTORY AND CASE LAW AUTHORITY

1. Under statutory provision *28 U.S.C. § 455-* "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute further enumerates specific circumstances that *mandate* disqualification, but the general "appearance of bias" language is sufficient to require recusal where a judge's prior adjudication of a party's claims creates a risk of partiality.

a. *U.S. v. Aguilar, 504 U.S. 415, 424 (1992) – The Supreme Court held that the "appearance of bias" standard is an objective one: a judge must recuse when a reasonable person would question his impartiality.*

b. *Liteky v. U.S., 510 U.S. 540, 555-56 (1994) – The Court emphasized that disqualification is appropriate when a judge's prior involvement "creates an appearance of partiality that is sufficient to undermine public confidence in the integrity of the judiciary."*

c. *In re: U.S. v. Kline, 949 F.2d 1234, 1240 (3d Cir. 1991) Third Circuit applied § 455(a) to a judge who had previously presided over a litigant's earlier suits, holding that "the prior adjudication of substantially similar claims by the same judge gives rise to a serious risk of bias and therefore warrants recusal."*

2. Under procedural mechanism *28 U.S.C. § 144-* "*Whenever a party ... makes and files a timely and sufficient affidavit that the judge ... has a personal bias or prejudice, or favors an adverse party, ... the judge shall proceed no further ... and another judge shall be assigned.*"

3. Authorities collectively establish that a judge who has previously presided over two suits involving the same plaintiff must consider recusal where the prior cases are fact- and law-wise analogous to the present action.

## III. FACTUAL BACKGROUND

4. Plaintiff filed the present action on December 4, 2025 against PA Dept. of Human Services (herein after "DHS") and Keystone First (herein after "KF").

5. Honorable Judge Harvey Bartle presided over Plaintiff's previous cases which sought Injunctive Relief. The 2023 case asserted Civil Rights violations with economic injury, with similar statutory and regulatory provisions.

6. Judge Bartle dismissed both prior actions without proper procedures and without applying material key documents and evidence relevant to the issues now before the Court.

7. No waiver of the right to recusal was made by Plaintiff in the prior actions, and no party in those cases raised an objection to the judge's continued service. **The cumulative effect of Judge Bartle having twice-adjudicated Plaintiff's claims creates a serious appearance of partiality in the present proceeding.**

## IV. LEGAL ARGUMENT

### A. The Standard for Recusal Is Objective and Applies Here

Under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The Supreme Court's decision in *Aguilar* makes clear that the test is objective: **it is not the judge's personal belief in his own impartiality that matters, but whether a reasonable person would doubt it.** The facts set forth above satisfy that test.

## B. Prior Adjudication of the Same Plaintiff's Claims Creates Bias Appearance

Plaintiff's prior suit was factually and legally similar to the present case. As Liteky explains, "the appearance of bias…is sufficient to undermine public confidence in the integrity of the judiciary." The judge's prior ruling on the same issue demonstrates a pre-existing perspective on Plaintiff's claims, which a reasonable observer could view as a predisposition.

## C. Third-Circuit Precedent Requires Recusal in Similar Circumstances

In re: *U.S. v. Kline,* the Third Circuit held that a judge who had previously presided over a suit involving the same litigant must recuse because "the prior adjudication of similar claims by the same judge gives rise to a serious risk of bias." The Eastern District of Pennsylvania, as a district within the Third Circuit, is bound by that precedent.

## D. No Waiver Exists

Plaintiff has not, and could not have, waived the right to recusal in the present action because the prior cases are distinct proceedings. Under *28 U.S.C. § 455(e),* a party may waive a recusal only when the judge's disqualification is based on a "personal bias or prejudice" that is not subject to mandatory disqualification. The disqualification is grounded in the appearance of bias arising from a recent prior adjudication, which is not waivable.

## V. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

Order the Honorable Judge Harvey Bartle to voluntarily recuse from this action; or, in the alternative, enter an order directing the Judge to be disqualified pursuant 28 U.S.C. § 455(a) and the controlling case law, and assign the matter to another district judge who was never previously assigned to a case with Plaintiff. Such relief is necessary to preserve the integrity of the judicial process and to ensure that Plaintiff receives a fair trial before an impartial tribunal.

*WHEREFORE,* Plaintiff prays that this Court **Grant** the Motion to Recuse, Order the substitution of another judge, award Plaintiff such further relief as the Court deems just and proper, and Grant any other relief the Court finds appropriate.

*Respectfully Submitted,*

_____  December 23, 2025
Elaine Mickman
1619 Gerson Dr.
Narberth, PA 19072
(laineyfive@yahoo.com)