U.S DISTRICT COURT- EASTERN DISTRICT OF PENNSYLVANIA

Elaine Mickman,
Plaintiff,

v.

Pennsylvania Department of Human Services,
Defendant-1,

Keystone First Health Insurance,
Defendant-2

**Civil Action No. 25-6847**   (JURY TRIAL DEMANDED)

**"AMENDED" COMPLAINT (42 U.S.C. § 1983) CIVIL RIGHTS**

**1. JURISDICTION AND VENUE**

1. This action is brought under 42 U.S.C. § 1983, which provides a federal cause of action for the deprivation of rights secured by the U.S. Constitution and laws.

2. Federal question jurisdiction exists pursuant **28 U.S.C. § 1331** since Plaintiff's claims arise under the Fourteenth Amendment, **42 U.S.C. § 1396a(a)(10)** (Medicaid Availability Requirement) and the Pennsylvania Constitution.

3. Venue is proper in this district under **28 U.S.C. § 1391(b)** because the events, acts and omissions giving rise to the claim occurred within this judicial district and Defendants reside or conduct business here.

a. Defendant-1, PA DHS, is a state agency with its principal office in Harrisburg, PA and maintains a regional office in the Eastern District;

b. Defendant-2, KF, is a PA Medicaid MCO operating in Eastern District;

c. The Plaintiff resides herein.

(2.)

## 2.PARTIES

4. Elaine Mickman (hereinafter "Plaintiff") is an adult PA resident located at 1619 Gerson Dr. Narberth, PA 19072 enrolled with Medicaid Keystone First.

5. Defendant 1, PA Department of Human Services (hereinafter "**DHS**"), is the state agency responsible for administering PA's Medicaid program, including the approval, denial, and oversights of covered health-care services, ("MA") under 42 U.S.C. §1396 et seq. and acts under *color of law.* PA DHS located at: DHS-Office of General Counsel, 625 Forster St. 3rd FL, Harrisburg, PA 17120

6. Defendant 2, Keystone First (hereinafter "**KF**"), is a Managed Care Organization (MCO) contracted by DHS to administer Medicaid services, process and pay for covered health-care services for Pennsylvania enrolled Medicaid beneficiaries, and through contractual authority and relationship with DHS, acts under *"color of law"* for purposes of 42 U.S.C. § 1983. KF is located at: Keystone First, 200 Stevens Dr., Philadelphia, PA 19113

## 3. STATEMENT OF FACTS AND ALLEGATIONS

7. Plaintiff is eligible for Medicaid under Pennsylvania law and has been enrolled in KF since May 2014 for health-care services.

8. Plaintiff is diagnosed with a health condition that qualifies for a Dental *Crown* replacement covered by PA State Medicaid Plan under *Basic Limited Exception* ("BLE") and was determined medically-necessary and prescribed by Plaintiff's Physician Jan. 23, 2023 and Jan. 10, 2024. **Exhibits "B" & "C"** (filed sealed)

(3.)

9. KF issued a January 25, 2023 Denial Notice stating the "*Crown*" was "not a covered service". KF failed to crossmatch Plaintiff's "Claim History" to approve the "*Crown*" under "BLE" due to cardio-vascular disease. The denial was issued **without Medical Record, "Claim History" or Independent medical review**, contrary to DHS's "continuation of services" rule, requiring medically-necessary services to continue pending appeal. **Exhibit "D" & "A"**

10.*KF deprived Plaintiff's right to a health service. BHA denied Plaintiff on April 14, 2023. **DHS violated Plaintiff's Civil Rights by December 7, 2023 denial of "BLE"** without review of Plaintiff's "Claim History" or Medical Records which support "BLE" approval.        **Exhibits "E" "F" & "G"**

11. KF out-sourced to an out-of-state doctor unlicensed in PA, rather contracted by IPRO for *External Review* of Plaintiff's health service need. **However, the *External Reviewer* unlawfully and erroneously excluded/omitted Plaintiff's Medical Records and KF "Claim History"** which precluded relevant material evidence to deprive Plaintiff a covered health care service under *Basic Limited Exception* consistent with *PA Medicaid Policy Bulletin 08/21/01-27/21/01* when **Plaintiff qualified for "BLE" based on her health records. Exhibits "A" "B"**

12. As a direct result of DHS and KF's unlawful and willful health service denial and violating Plaintiff's rights, her only option was to obtain the prescribed health service via out-of-network by borrowing $1700. at high interest for out-of-pocket payment while suffering an exacerbated condition and incurring extraneous costs for filing, printing, and mailing appeal documents. **Exhibits "H" & "I"** (sealed)

*Plaintiff's emergency health service <u>didn't</u> require pre-approval per **KF's** *Member Rights* Exhibit "J"

(4.)

13. Defendants' denial of a medically-necessary and covered Medicaid service violated Plaintiff's rights under the federal *Medicaid Act*, including, but not limited, to **42 U.S.C. § 1396a(a)(8)** (reasonable promptness) and **42 U.S.C. § 1396a(a)(10)** (mandatory coverage requirements).

14. Defendants, acting under *"color of state law"*, created an access barrier to Medicaid by knowingly and intentionally denying Plaintiff a "BLE" covered health-care service despite existing clear medical evidence of necessity, existing law, and physician-prescribed, thereby deprived Plaintiff of constitutionally protected substantive health care rights, due process and equal protection rights.

## 4. CAUSES OF ACTION AND CLAIMS FOR RELIEF

### Count I- Violation of Fourteenth Amendment Rights- Due Process & Equal Protection Under 42 U.S.C. § 1983

The *Medicaid Act* creates enforceable rights under § 1983, including rights to timely and adequate medical assistance. By denying medically necessary and covered services, Defendants, acting under *color of state law*, deprived Plaintiff of rights guaranteed by the *Medicaid Act*, causing Plaintiff harm.

15. Plaintiff repeats and realleges each allegation set forth above as if fully set forth herein.

16. By denying medically necessary care, Defendants, under *color of state law*, deprived Plaintiff of her right to substantive due process and equal protection of the laws guaranteed by the Fourteenth Amendment.

(5.)

17. The denial was *Deliberate Indifference* to Plaintiff's medical need, satisfying the standard articulated in *Estelle v. Gamble*, **429 U.S. 97, 105 (1976)** and *Kellerman v. Askew*, **541 F.2d 1089 (5th Cir. 1976)**.

18. Defendants, PA DHS and KF, created an access barrier to a health care service covered by state Medicaid law/Policy 08-21-01 under *Basic Limited Exception* ("BLE") **55 Pa. Code § 1101.53,** and protected by Federal law H.R. 3590 since the *"Crown"* was also a pre-existing health condition. The conduct constitutes a deprivation of rights actionable under 42 U.S.C. § 1983.

## COUNT II- Procedural Due Process (U.S. Const. Amend. XIV)

19. Plaintiff has a protected property interest in Medicaid benefits.

20. Defendants deprived Plaintiff of this interest without adequate procedural safeguards, in violation of the Due Process Clause.

## COUNT III- Substantive Due Process (U.S. Const. Amend. XIV)

21. Defendants' denial of medically-necessary treatment for Plaintiff was arbitrary, capricious, and shocks the conscience. Defendants disregarded Pennsylvania state and Federal Health laws, Contractual Obligations, and Plaintiff's Medical Records and "Claim History" qualifying her for "BLE".

## Count IV- Violation of the Medicaid Availability Requirement-42 U.S.C. § 1396a(a)(10) Mandatory & Enforceable Under 42 U.S.C. § 1983

22. Plaintiff repeats and realleges each allegation set forth above as if fully set forth herein.

(6.)

23. **42 U.S.C. § 1396a(a)(10)(A)** requires that a state Medicaid plan "provide for making medical assistance available … to all individuals … who meet the eligibility requirements" and that such assistance be furnished "with reasonable promptness." <u>"BLE" based on "Claim History" is the burden of Medicaid KF</u>.

24. DHS, through its contract with KF, is liable for not providing the covered service to Plaintiff, not following the statutory "continuation of services" requirement, and contravention of Federal "Reasonable Promptness" & "Scope and Duration" Standards (conduct that is Malfeasance or Misfeasance).

25. The denial violated Plaintiff's statutory right under the *Medicaid Act*, which is a right that is enforceable via a **42 US § 1983** action as recognized in *Westside Mothers v. Olszewski*, **289 F.3d 852 (6th Cir. 2002).**

26. **42 U.S.C. § 1396a(a)(8)** requires state Medicaid plans to provide reasonable promptness for receiving health care service available to enrollees who meet eligible requirements. DHS and KF denied Plaintiff the health service for 3+ yrs.

27. <u>**42 C.F.R. §§ 440.130(d), 440.210: Duty to evaluate medical necessity consistent with Petitioner's clinical records.**</u> DHS and KF failed to review Plaintiff's Medical Records and KF "Claim History" when the burden is with KF to data-crossmatch enrollee's health records/conditions to qualify for "BLE".

28. DHS is liable for Violating Exception Procedures **55 Pa. Code § 1101.53** by: a. Failing to review "Claim History". Plaintiff's prior MA Claims demonstrate ongoing need and prior authorizations for related services and constitute relevant evidence of a "BLE" qualifying health condition under **§ 1101.53(b)(2)-(4).**

(7.)

b. DHS's Denial Lacked Factual Findings. No discussion of Plaintiff's Claim History, Medical Records, and physician's relevant information included in submitted letters of record. **Exhibits "B" & "C"** (filed sealed)

## Count V- Pennsylvania Constitutional Claim (Right to Health Care)

29. Plaintiff repeats and realleges each allegation set forth above as if fully set forth herein.

30. The **Pennsylvania Constitution, Article I, § 27,** guarantees that "the Commonwealth shall provide for the health and welfare of its citizens." The denial of a medically-necessary, Medicaid-covered health care service constitutes a violation of this constitutional guarantee.

31. Accordingly, **Plaintiff seeks Declaratory and Injunctive Relief** under Pennsylvania law, in addition to the federal claims.

## Count VI-Liability of Keystone First for Acting Under *Color of State Law*

32. Plaintiff repeats and realleges each allegation set forth above as if fully set forth herein.

33. KF, as a Medicaid Contractor, performs functions delegated by DHS and is therefore acting under *color of state law* for purposes of **42 U.S.C. § 1983.**

34. By DHS's unlawful denial order without an independent medical review, KF is jointly liable with DHS for constitutional and statutory violations alleged herein.

(8.)

35. Defendants are liable for Due Process Violations because denial without adequate review violates constitutional protections and is arbitrary or capricious action by the Agency failing to consider Plaintiff's relevant material evidence per PA and Medicaid standards. DHS acted unreasonably in their official capacity.

36. Defendants are liable for Due Process and Administrative **PAPA Violations (2 Pa. C.S. §§ 505–506) by:**

a. Insufficient Notice: Denial letters failed to identify specific factual bases or criteria deficiencies, **precluding meaningful appeal (cf. § 1101.64).**

b. Arbitrary and Capricious: Decision not based on Plaintiff's full record; **DHS ignored material evidence including Claim History, contrary to § 506.** DHS unlawfully abused discretion contrary to case law including:

c. *Wengrzyn* required individualized evaluation of harm and to consider each statutory criterion rather than applying a blanket denial.

d. *Devereux* mandates reliance on treating physician's submitted assessments which were ignored. *Devereux Hosp. Texas Treatment Network v. DPW, 797 A.2d 1037 (Pa. Commw. 2002), 855 A.2d 842 (Pa. 2004)* held Medical necessity determination must rest on clinical evidence and treating physician's certification, but DHS relied on the opinion of KF's unqualified Dental Director who stated he never reviewed Plaintiff's medical records or "Claim History".

37. Despite multiple prior claims demonstrating need, Defendants denied Plaintiff's "BLE" request without reviewing her medical "Claim History" (medical data-crossmatching) when the omission violates PA regulations, the PA Administrative Procedure Act (PAPA), governing case-by-case determinations, and controlling PA case law requiring individualized medical-necessity findings.

(9.)

Landmark case **Sabree v Richman (3rd Cir. 2004)** established that PA Medicaid recipients can enforce statutory rights via **42 US § 1983** when denied health care services.

**US Supreme Court "held" June 2023 in** *Talevski* **to preserve 42 US § 1983 when an access barrier is created under** *color of law* **which denies MA health care service.** *Talevski* raised a larger and more consequential issue surrounding the ability of individuals to use the federal courts via 42 U.S. § 1983 to enforce requirements of *any* program enacted via the U.S. Constitution *Spending Clause.* The Third Circuit consistently recognized Medicaid rights as §1983 enforceable. ***CNN April 26, 2019-*** *"Aetna has settled a lawsuit in which a company medical director said under oath that he never looked at patients' records when deciding whether to approve or deny coverage – testimony that prompted an investigation by the California insurance commissioner."*


## VII- BREACH OF FIDUCIARY DUTY (Against DHS & Contractor KF)

38. Plaintiff repeats and realleges each allegation set forth above as if fully set forth herein.

39. Under Pennsylvania law, a fiduciary relationship exists when:

(1) a fiduciary relationship is established;

(2) the fiduciary breaches the duty to act in good faith and solely for the beneficiary's benefit; and

(3) the beneficiary suffers injury caused by the breach (***Snyder v. Crusading Servicing Corp.,*** **231 A.3d 20, 31 (Pa. Super. 2020)).**


40. A fiduciary relationship exists between: a.) Plaintiff and Defendant DHS which is the sovereign entity that funds and oversees Medicaid benefits; and

(10.)

b.) Plaintiff and Defendant KF because KF is the Medicaid Contractor authorized agent that administers Medicaid benefits on behalf of the State.

41. Defendant Contractor KF failed to act in good faith by denying a medically necessary and "BLE" covered service without a legitimate clinical basis, and by refusing to provide a timely meaningful grievance process. PA Attorney General's Medicaid Fraud Control Section treats Medicaid Contractors as agents of the state with  duties to provide covered services.

42. Defendant DHS failed to act in good faith by neglecting its statutory duty to ensure that Plaintiff, as a beneficiary, received a covered service and by refusing to intervene in the Contractor's improper denial.

43. As a direct and proximate result of the egregious breaches, Plaintiff suffered physical injury, emotional distress and anguish, and increased medical expenses. Accordingly, Plaintiff is entitled to recover compensatory damages, punitive damages, and costs for the breach of fiduciary duty.

## VIII- NEGLIGENCE

44. Plaintiff repeats and realleges each allegation set forth above as if fully set forth herein.

45. Defendants owed Plaintiff a duty of care to administer Medicaid benefits in accordance with federal law 42 U.S.C. §§ 1396a(a)(8) and 1396o(e) and state law,  including the duty to provide "BLE" covered services promptly and to process grievances and appeals in a timely, meaningful, and fair manner.

(11.)

46. Defendants breached that duty by:

(a) denying a covered service without a valid medical justification;

(b) failing to provide a fair impartial hearing; and

(c) refusing to correct the denial despite Plaintiff's timely justified grievance. **PA courts "hold" that § 8522's waiver can overcome sovereign immunity for Negligent Acts.** *Robert Downey v. PA Dept. of Corrections (3d Cir. 2020)* illustrates that sovereign-immunity defenses are Not absolute when a statutory waiver exists. Under 42 Pa.C.S. §§ 8521-8522(b)...the Commonwealth waives immunity for negligent acts that cause injury to a private person.

47. Defendants breached their fiduciary duties and acted negligently in violation of federal Medicaid statutes and Pennsylvania law by failing to correct a denial and by withholding a covered health care service from Plaintiff.

48. The breach and negligence was reckless, and the proximate cause of Plaintiff's injuries/damages described above. Plaintiff is entitled to recover all costs, compensatory damages, and punitive damages.

Plaintiff was deprived equal protection and equitable access for a Medicaid covered health care service under "BLE. DHS and KF violated Plaintiff's Civil Rights by creating an access barrier to a Medicaid health care service. DHS is negligent for failing to administer Medicaid benefits in accordance with health laws and failing to enforce compliance of Medicaid MCO KF which breached their Contractual Obligations. Defendants violated Plaintiff's Civil Rights and placed "profit over a person" with reckless disregard when health was at risk. Punitive damages are just to deter future violations.

(12.)

## 5. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court enter Judgment in her favor and Gant the following relief:

**1. Declaratory and Injunctive Relief** ordering Defendants DHS and KF to immediately provide Plaintiff with reimbursement for all medically necessary Medicaid-covered health-care services to which she is entitled based on "BLE" and her "Claim History" under 1101.53 criteria, and compliance with policies ensuring Medicaid Availability Requirement and the Fourteenth Amendment.

**2. Statutory Damages** against Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiff's constitutional rights.

**3. Compensatory Damages** for Plaintiff in an amount proven at trial for medical expenses, all related out of pocket costs incurred, exacerbation of pain and suffering, intentional infliction of emotional distress and mental anguish and loss of enjoyment of life.

**4. Punitive Damages** for Plaintiff to punish and deter Defendants from future breaches of fiduciary duty and negligent conduct.

**5. Pre- and Post-Judgment Interest** against Defendants as allowed by law.

**6. Such other relief** as the Court deems just and proper (Counsel fees if Apptd.)

**7. Jury Trial**-Plaintiff hereby demands a trial by jury on all issues triable.

*Respectfully Submitted,*

_____ December 23, 2025

Elaine Mickman
1619 Gerson Dr.
Narberth, PA 19072
(laineyfive@yahoo.com)

MA Policy – 4 pgs.



## pennsylvania
### DEPARTMENT OF HUMAN SERVICES

# MEDICAL ASSISTANCE BULLETIN

| ISSUE DATE | EFFECTIVE DATE | NUMBER |
|---|---|---|
| April 15, 2021 | April 15, 2021 | 08-21-01<br>27-21-01 |

| SUBJECT | BY |
|---|---|
| Dental Benefit Limit Exception Process Update | *Sally A. Kozak*<br><br>Sally A. Kozak,<br>Deputy Secretary<br>Office of Medical Assistance Programs |

**IMPORTANT REMINDER:** All providers must revalidate the Medical Assistance (MA) enrollment of each service location every 5 years. Providers should log into PROMISe to check the revalidation dates of each service location and submit revalidation applications at least 60 days prior to the revalidation dates. Enrollment (revalidation) applications may be found at:
http://www.dhs.pa.gov/provider/promise/enrollmentinformation/S_001994.

## PURPOSE:

The purpose of this bulletin is to inform dentists, federally qualified health centers (FQHCs) and rural health clinics (RHCs) of changes to the dental benefit limit exception (BLE) process for adult Medical Assistance (MA) Program beneficiaries, 21 years of age and older, effective March 1, 2021.

## SCOPE:

This bulletin applies to all dentists, FQHCs and RHCs rendering dental services to MA beneficiaries in the Fee-for-Service delivery system. Dentists, FQHCs and RHCs rendering dental services in the managed care delivery system should address any questions regarding the dental benefit limits and payment for dental services to the appropriate managed care organization.

## BACKGROUND/DISCUSSION:

The Department of Human Services (Department) implemented limits to certain dental benefits for adult MA beneficiaries 21 years of age and older on September 30, 2011. The Department issued MA Bulletin 27-11-47, titled "Medical Assistance Dental Benefit Changes," on September 26, 2011, to inform dentists, FQHCs and RHCs of the limits as well as the criteria and procedure to request an exception to the limits. The Department evaluates BLEs for the following dental services: dentures, oral evaluations and prophylaxis that exceed

---

**COMMENTS AND QUESTIONS REGARDING THIS BULLETIN SHOULD BE DIRECTED TO:**

The appropriate toll-free number for your provider type.

Visit the Office of Medical Assistance Programs Web site at:
http://www.dhs.pa.gov/provider/healthcaremedicalassistance/index.htm.

-2-                    EXHIBIT "A"

Dental Fee Schedule limits, crowns, and adjunctive services, as well as periodontal and endodontic services.

As set forth in MA Bulletin 27-11-47, the Department developed a BLE process. The Department will grant benefit limits exceptions to the dental benefit limits when one of the following criteria is met:

1. The Department determines the recipient has a serious chronic systemic illness or other serious health condition and denial of the exception will jeopardize the life of the recipient.

2. The Department determines the recipient has a serious chronic systemic illness or other serious health condition and denial of the exception will result in the rapid, serious deterioration of the health of the recipient.

3. The Department determines that granting a specific exception is a cost-effective alternative for the MA Program.

4. The Department determines that granting an exception is necessary in order to comply with Federal law.

Dental providers and stakeholders requested that the Department streamline the dental BLE review process. In response to their request, the Department now advises dental providers of the supporting medical/dental record information needed to review a BLE request and will consider additional information received within 15 days before making a decision on the BLE request.

The Department also examined the dental BLE process in an attempt to identify additional efficiencies. As part of that review, the Department determined that since the process was implemented, the Department has approved the majority of BLE requests for requesting beneficiaries who presented with certain medical conditions. Therefore, the Department has implemented an operational change. The Department will review BLE requests, without requiring supporting medical record documentation of the underlying medical condition(s), when the Department identifies through its claims history that a beneficiary has the health condition(s) listed below.

**NOTE:** The dental benefit limits do not apply to children under 21, or adults who reside in a nursing facility, an intermediate care facility for individuals with intellectual disabilities (ICF/ID) or an intermediate care facility for persons with other related conditions (ICF/ORC). However, dental providers must continue to secure prior authorization, as required by the Department and identified on the MA Program's Dental Fee Schedule, for crowns, periodontal services and dentures provided to a MA beneficiary who resides in a nursing facility, an ICF/ID, or an ICF/ORC. Dental providers must secure an 1150 Administrative Waiver, i.e., Program Exception approval, from the Department in instances when a MA beneficiary, who resides in one of these settings, is requesting a service that exceeds the fee schedule limits for dental services.

-3-

EXHIBIT "A"

## PROCEDURE:

If the dental BLE request identifies that the beneficiary has one of the conditions set forth below, as part of the dental BLE review process, the Department will review the MA beneficiary's claim history to determine if the condition was previously identified on a claim:

1. Diabetes.

2. Coronary Artery Disease or risk factors for the disease.

3. Cancer of the Face, Neck, and Throat (does not include stage 0 or stage 1 non-invasive basal or sarcoma cell cancers of the skin).

4. Intellectual Disability.

5. Current Pregnancy including post-partum period.

If the condition was previously identified on a claim, the Department will not require supporting medical record documentation of the condition. If the condition was not previously identified on a claim, the Department will notify the dental provider that supporting medical record documentation is needed to review the BLE request. The supporting medical record documentation if the condition was not previously identified on a claim, and any additional information requested, must be submitted to the Department within 15 days of the date of the Department's request to the dental provider. Upon receipt of the medical record documentation or additional information, the Department will review the request for a dental BLE to confirm that one of the criteria for the granting of a BLE is met. The dental provider and MA beneficiary will be informed of the Department's determination by written Notice of Decision. If the BLE request is approved, the services can be provided and paid for as long as the beneficiary maintains MA eligibility.

The Department updated Pennsylvania PROMISe™ Provider Handbook, 837 Professional/CMS-1500 Claim Form; and the Pennsylvania PROMISe™ Provider Handbook, 837 Dental/ADA – Version 2012 Claim Form to reflect the process set forth above.

https://www.dhs.pa.gov/providers/PROMISe_Guides/Pages/PROMISe-Handbooks.aspx

EXHIBIT "A"

# PROVIDER QUICK TIPS



**#273**

1. The Department determines the beneficiary has a serious chronic systemic illness or other serious health condition and denial of the exception will jeopardize the life of the beneficiary.

2. The Department determines the beneficiary has a serious chronic systemic illness or other serious health condition and denial of the exception will result in the rapid, serious deterioration of the health of the beneficiary.

3. The Department determines that granting a specific exception is a cost-effective alternative for the MA Program.

4. The Department determines that granting an exception is necessary in order to comply with Federal law.

The Department implemented changes to the dental BLE process on April 15, 2021, when it issued MA Bulletin 08-21-01, titled "Dental Benefit Limit Exception Process Update" (https://www.dhs.pa.gov/docs/Publications/Documents/FORMS%20AND%20PUBS%20OMAP/MAB2021041501.pdf) to inform dentists, FQHCs and RHCs that if the dental BLE request identifies that the beneficiary has one of the conditions set forth below, the Department will review the MA beneficiary's claim history to determine if the condition was previously identified on a claim, and, if the condition was previously identified on a claim, the Department will not require supporting medical record documentation of the condition to expedite the review process:

1. Diabetes.
2. Coronary Artery Disease or risk factors for the disease.
3. Cancer of the face, neck, and throat (does not include stage 0 or stage 1 non-invasive basal or sarcoma cell cancer of the skin).
4. Intellectual disability.
5. Current pregnancy including post-partum period.

In addition, effective December 5, 2019, the Department began to accept electronic submissions for dental BLE requests in accordance with MA Bulletin 08-19-100, titled "Electronic Submission of Dental Prior Authorization, Dental Program Exception and Dental Benefit Limitation Requests" (https://www.dhs.pa.gov/docs/Publications/Documents/FORMS%20AND%20PUBS%20OMAP/MAB2019120401.pdf).

More information pertaining to the dental BLE process may be obtained in Section 6.8 of the MA Program Dental PROMISe™ Provider Handbook (https://www.dhs.pa.gov/providers/PROMISe_Guides/Pages/PROMISe-Handbooks.aspx).



EXHIBIT "D"

 **Keystone** First

January 25, 2023

ELAINE MICKMAN
1619 GERSON DR
PENN VALLEY PA 19072-1231.

Member ID: 51277198

Subject: Decision About Your Grievance

Dear Ms. Elaine Mickman :

**Keystone First** has reviewed your Grievance about the **Benefit Limit Exception (BLE) request for Crown - Porcelain/Ceramic on tooth number 18, submitted by Dr. Mohammad Ghani, on your behalf** received on **January 3, 2023.**

Based on a review of all information provided, the Grievance review committee has decided that **the denial is upheld. The request is not approved.**

The reasons for this decision are:

**The clinical information submitted for review fails to establish the medical necessity for the requested dental services.**

**As per the Medical Assistance (MA) Fee Schedule, adult MA recipients 21 years of age and older who do not reside in a nursing facility, or in an intermediate care facility are eligible for services only if the Department approves a Dental Benefit Limit request.**

**The Department will grant Benefit Limit Exceptions (BLE) to the dental benefits when one of the following criteria is met:**

1. The Department determines the recipient has a serious chronic systemic illness or other serious health condition and denial of the exception will jeopardize the life of the recipient.
2. The Department determines the recipient has a serious chronic systemic illness or other serious health condition and denial of the exception will result in the rapid serious deterioration of the health of the recipient.
3. The Department determines that granting a specific exception is a cost effective alternative for the MA Program.
4. The Department determines that granting an exception is necessary in order to comply with Federal law.

Coverage by Vista Health Plan, an independent licensee of the Blue Cross and Blue Shield Association.

EXHIBIT "E"

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF HUMAN SERVICES
## BUREAU OF HEARINGS AND APPEALS

**APPEAL OF:**    Elaine Mickman
1619 Gerson Drive
Penn Valley, PA 19072-1231

Keystone First Health Plan (KFHP)
Case No. WE23-00041

### FINAL ADMINISTRATIVE ACTION ORDER

It is hereby **ORDERED** that the decision of the Administrative Law Judge is affirmed.

Either party to this proceeding has fifteen (15) calendar days from the date of this decision to request reconsideration by the Secretary of the Department. (In Supplemental Nutrition Assistance Program (SNAP) cases, only the Appellant may seek reconsideration.) To seek reconsideration, you must fully complete the enclosed application/petition for reconsideration. The application/petition shall be addressed to the Secretary, but delivered to the Director, Bureau of Hearings and Appeals, P.O. Box 2675, Harrisburg, Pennsylvania, 17105-2675, and must be postmarked within fifteen (15) calendar days from the date of this Order. This action does not stop the time within which an appeal must be filed to Commonwealth Court.

The appropriate party(ies), where permitted, may take issue with this Adjudication, and Order, and may appeal to the Commonwealth Court of Pennsylvania, within thirty (30) days from the date of this order. This appeal must be filed with the Clerk of Commonwealth Court of Pennsylvania, 601 Commonwealth Avenue, Suite 2100, P. O. Box 69185, Harrisburg, PA 17106-9185.

If you file an appeal with the Commonwealth Court, a copy of the appeal must be served on the government unit which made the determination in accordance with Pa. R.A.P. 1514. In this case, service must be made to: Department of Human Services (DHS), Bureau of Hearings and Appeals, 2330 Vartan Way, 2nd Floor, Harrisburg, Pennsylvania 17110-9721, **AND** Department of Human Services, Office of General Counsel, 3rd Floor West, 625 Forster Street, Harrisburg, PA 17120.

Bureau of Hearings and Appeals
April 14, 2023
Final Administrative Action
   and Mailing Date

Tracy L. Henry, Esquire
Chief Administrative Law Judge
Bureau of Hearings and Appeals

Cc: Appellant, DHS, Keystone First Health Plan

EXHIBIT "F"

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF HUMAN SERVICES**

**APPEAL OF:**
Elaine Mickman
1619 Gerson Drive
Penn Valley PA 19072-1231

**CASE NO.:** WE23-00041

## ORDER GRANTING RECONSIDERATION

**AND NOW**, the request for rehearing or reconsideration filed by the Appellant is **GRANTED**.

A response to the Petitioner's request may be filed within **fifteen (15) days** from the date of this Order. The response will be confined to the issues identified in the Petitioner's request. Attached to this Order is a copy of the Petitioner's request. Reconsideration will be limited to the facts contained in the record developed before the Administrative Law Judge. Neither Party may present additional facts in support of their position. The response shall be addressed to the Secretary of Human Services, but delivered to:

Bureau of Hearings and Appeals
2330 Vartan Way, 2nd Floor
Harrisburg, Pennsylvania 17110-9721

After receipt of the response or the expiration of the fifteen (15) day period for filing a response, the record in this matter will be reviewed in its entirety, and a Final Order will be entered.

**MAY 4   2023**
_____
Secretary's Response and
Mailing Date

_____
Valerie A. Arkoosh, MD, MPH
Acting Secretary
Department of Human Services

cc: Elaine Mickman
    Keystone First Health Plan
    Cathy Shaffer, BMCO
    Carrie Craven, Esq., ALJ
    Charles Brace, Supervisor

EXHIBIT "G"

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF HUMAN SERVICES

**APPEAL OF:**
Elaine Mickman
1619 Gerson Drive
Penn Valley PA 19072-1231

**CASE NO.:** WE23-00041

## FINAL ORDER

**AND NOW,** having granted Elaine Mickman's application for reconsideration of the decision entered by the Bureau of Hearings and Appeals in this matter, it is **ORDERED** and **DECREED** that the Order entered by the Bureau of Hearings and Appeals in this matter on April 14, 2023, is **UPHELD** for the reasons stated by the Bureau of Hearings and Appeals.

Elaine Mickman may take issue with this Final Order by appealing to the Commonwealth Court of Pennsylvania within thirty (30) days from the date of this Final Order at:

Commonwealth Court of Pennsylvania
P.O. Box 69185
Harrisburg, PA 17106-9185

DEC 7 2023

Final Administrative Action
of the Secretary and Mailing Date

Valerie A. Arkoosh, MD, MPH, Secretary
Department of Human Services

cc: Elaine Mickman
    Keystone First CHC
    Cathy Shaffer
    Carrie Craven, Esq., ALJ
    Charles Brace, Regional Manager

# Member Rights and Responsibilities EXHIBIT "J"

**Keystone First** and its network of providers do not discriminate against members based on race, sex, religion, national origin, disability, age, sexual orientation, gender identity, or any other basis prohibited by law.

As a **Keystone First** member, you have the following rights and responsibilities.

## Member rights
You have the right:

1. To be treated with respect, recognizing your dignity and need for privacy, by **Keystone First** staff and network providers.

2. To get information in a way that you can easily understand and find help when you need it.

3. To get information that you can easily understand about **Keystone First**, its services, and the doctors and other providers that treat you.

4. To pick the network health care providers that you want to treat you.

5. To get emergency services when you need them from any provider without **Keystone First's** approval.

6. To get information that you can easily understand and talk to your providers about your treatment options, risks of treatment, and tests that may be self-administered without any interference from **Keystone First.**

7. To make all decisions about your health care, including the right to refuse treatment. If you cannot make treatment decisions by yourself, you have the right to have someone else help you make decisions or make decisions for you.

8. To talk with providers in confidence and to have your health care information and records kept confidential.

9. To see and get a copy of your medical records and to ask for changes or corrections to your records.

10. To ask for a second opinion.

11. To file a Grievance if you disagree with **Keystone First's** decision that a service is not medically necessary for you.

12. To file a Complaint if you are unhappy about the care or treatment you have received.

13. To ask for a Department of Human Services (DHS) Fair Hearing.

14. To be free from any form of restraint or seclusion used to force you to do something, to discipline you, to make it easier for the provider, or to punish you.

15. To get information about services that **Keystone First** or a provider does not cover because of moral or religious objections and about how to get those services.

16. To exercise your rights without it negatively affecting the way DHS, **Keystone First**, and network providers treat you.

17. To create an advance directive. See your Member Handbook for more information.

18. To make recommendations about the rights and responsibilities of **Keystone First's** members.

19. To know and get information about:
    - **Keystone First** and its health care providers.
    - Your member rights and responsibilities.
    - Your benefits and services.
    - The cost of health care.

20. To talk with your health care provider about:
    - Your treatment plans, regardless of cost or benefit coverage.
    - The kinds of care you can choose to meet your medical needs, in a way you understand.

21. To take an active part in the decisions about your health care, including the right to refuse treatment. Your decision to do so will not negatively affect the way you are treated by **Keystone First**, its health care providers, or DHS.

22. To voice complaints about and/or appeal decisions made by **Keystone First** and its health care providers.

23. To be given an opportunity to make suggestions for changes in **Keystone First** policies and procedures.



US DISTRICT COURT- EASTERN DISTRICT OF PENNSYLVANIA

This verifies that the foregoing Complaint is true and correct to the best of Plaintiff's knowledge.

_Elaine Mickman_____December 23, 2025

Elaine Mickman
1619 Gerson Dr.
Narberth, PA 19072
(laineyfive@yahoo.com)